UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK R. GRAHAM, <br><br> Plaintiffs, <br><br> v. <br><br> MICHAEL LISSACK, <br><br> Defendant. | Civil Action No. <br> 2:06-cv-05189-SDW-MCA <br><br><br> **DISCOVERY CONFIDENTIALITY ORDER** |

THIS MATTER having come before the Court on the motion of plaintiff Mark R. Graham for the entry of a Discovery Confidentiality Order; and the Court having *and the reasons set forth in the record* found, for good cause shown, that such an order is necessary to prevent unwarranted use *today;* or disclosure of confidential, proprietary or otherwise sensitive personal information,

IT IS on this 9 day of January 2008 ORDERED AS FOLLOWS:

1. Discovery Materials. This Order shall govern all documents and other materials produced during the course of discovery or pre-trial procedures in this action as well as deposition testimony, by any party to this action and any non-party (hereafter collectively "Discovery Materials").

2. Confidential Documents. All Discovery Materials shall be deemed "Confidential" and used solely for the preparation and trial of this litigation and for no other purpose.

3. Attorneys' Eyes Only. If justice requires even greater protective measures to protect Discovery Materials that contain sensitive proprietary or personal information and information that would materially affect the business, financial, or commercial

18952/2
11/29/2007 2095974.05

interests of the party or non-party producing the information, the legend "Attorneys' Eyes Only" shall be used on Discovery Materials.

4. Use and Disclosure of Attorneys' Eyes Only Documents. Absent further Order of this Court, all Discovery Materials designated "Attorneys' Eyes Only" shall be used solely for the purposes of this action, and shall not be shown, disclosed, made available or otherwise communicated in any way to anyone other than Qualified Persons as defined in paragraph [5] or the Identified Witnesses described in paragraph [6].

5. The term "Qualified Person" as used herein means:

   a. The attorneys of record (including counsel admitted pro hac vice), their associate attorneys, litigation support personnel, paralegals, and clerks and secretarial employees who work directly under the supervision of and control of the counsel of record for the parties;

   b. Any person who prepared or received the document prior to the filing of this action;

   c. Experts or consultants who execute an undertaking in the form attached hereto as Exhibit A, and are retained, specifically employed, or informally consulted by counsel concerning the preparation and trial of this action and their staff, secretarial and clerical employees;

   d. Court reporters, video operators and other persons involved in recording any testimony in this action (such person shall not disclose or furnish and such information other than to outside counsel of record);

  e. Employees of imaging, copying or microfilming services utilized with respect to the prosecution or defense of this action; and

  f. The Court and any persons employed by the Court whose duties require access to any information filed in connection with this action.

  6. When a party has noticed or subpoenaed a witness to testify that is not a Qualified Person and that party wishes to show, disclose or communicate to such witness during his or her testimony any Attorneys' Eyes Only Discovery Materials, then, no less than five (5) days prior to the provision of such testimony, such party shall identify such Attorneys' Eyes Only Discovery Materials (the "Identified Documents") and the witness to whom the party desires to show such documents (the "Identified Witness"), to all other parties and any non-party that produced any of the Identified Documents. The Identified Documents or the information contained therein may be disclosed to the Identified Witness unless any party or non-party receiving the notice required by this paragraph objects within 3 days after receiving notice of the Identified Documents and Identified Witness. Any Identified Document to which a party or non-party so objects shall not be disclosed to the Identified Witness.

  7. Deposition Testimony. With respect to deposition testimony, counsel shall state, on the record, all testimony that he or she intends to designate as Attorneys' Eyes Only. Counsel may, alternatively, at or prior to the commencement of a deposition, temporarily designate the entire deposition as Attorneys' Eyes Only. Where such an initial designation is made, however, unless the designating party or non-party, within fourteen (14) days after receipt of the transcript marks as "Attorneys' Eyes Only" those specific portions of the transcript that he or she deems appropriate for such designations,

thus superseding the initial temporary designation of the entire deposition, then no portion of the deposition shall continue to be deemed Attorneys' Eyes Only.

8. **Inadvertent Failure to Designate.** If a party or non-party inadvertently fails to designate any Discovery Materials as "Attorneys' Eyes Only" such failure may be cured if the producing party or non-party advises the receiving party of the inadvertent failure to designate, and thereafter provides all parties with properly stamped copies of such documents. After being advised of the inadvertent failure to designate, the receiving party shall treat such documents in accordance with this Discovery Confidentiality Order.

9. If any party wishes to challenge the "Attorneys' Eyes Only" designation of another party or non-party, counsel shall set forth in writing to counsel to the producing party or non-party the Discovery Materials believed to be improperly designated; the identity of the person(s) to whom the party wishes to disclose the information; the use counsel wishes to make of such information; and, in a brief statement, the reasons disclosure/use is thought necessary. Upon receipt of such written notice, counsel for the producing party or non-party shall within seven (7) business days respond in writing, either consenting to the disclosure or stating the basis for objection to the disclosure. (Failure to respond within seven (7) business days will be deemed a consent.) If the disclosure is consented to, the provisions of this Discovery Confidentiality Order shall remain in effect, so that disclosure shall not go beyond the person(s) identified by this process. If disclosure is objected to, counsel shall endeavor in good faith to resolve the objections by agreement. If objections cannot be resolved by agreement, disclosures cannot take place without an order of this Court.

10. Nothing in this Discovery Confidentiality Order shall be construed to prevent any party from filing a motion challenging a designation or restriction on the use or disclosure of any Discovery Materials.

11. The use at trial or any pretrial hearing of any Discovery Materials or information designated as "Attorneys' Eyes Only" shall be upon such terms as the Court deems necessary and just.

12. Documents produced or testimony given under a designation provided for by this Discovery Confidentiality Order shall be retained in the office of counsel of record. Counsel for the parties shall be responsible for assuring that access to designated information shall be permitted only to persons entitled to receive it under the terms of this Order.

13. Within 60 days after the conclusion of this action, all designated information in the possession or under the control of counsel, the parties or their agents, consultants or experts shall be destroyed or returned to the party or non-party producing it. The provisions of this order as to confidentiality shall not terminate with the disposition of this action, but shall continue until further order of the Court.

14. This Discovery Confidentiality Order shall not apply to any Discovery Materials which (a) are already public; or (b) have come or shall come into the receiving party's possession by legitimate, fair and legal means independent of the production pursuant to discovery in this action by the producing party or non-party, regardless of whether such information is also contained in discovery materials in this case. Further, this Discovery Confidentiality Order shall not restrict discussions concerning confidential materials with any person who has already obtained possession of the confidential materials through legitimate, fair and legal means.

15. No "Confidential" or "Attorneys' Eyes Only" Documents shall be filed in the public record of this action. If a party or non-party intends to file Discovery Materials designated "Confidential" or "Attorneys' Eyes Only", the party or non-party shall file a motion to seal pursuant to Local Rule 5.3(c)..

16. By entering this Discovery Confidentiality Order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in another case. Any person or parties subject to this Discovery Confidentiality Order that may be subject to a motion to compel or a Subpoena seeking the production of another party's information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Discovery Confidentiality Order, shall promptly notify the producing party of the motion or subpoena so that it may have an opportunity to appear and be heard on whether that information should be disclosed.

17. Any party may petition the Court, on notice and for good cause shown, in the event such party desires relief from a term and condition of this Discovery Confidentiality Order. ✱

_____
HON. MADELINE COX ARLEO, U.S.M.J.,

*Applies to Pre-Trial Discovery only.*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARK R. GRAHAM,<br><br>        Plaintiffs,<br><br>v.<br><br>MICHAEL LISSACK,<br><br>        Defendant. | Civil Action No.<br>2:06-cv-05189-SDW-MCA |

UNDERTAKING OF _____

STATE OF _____

COUNTY OF _____

        I, _____, being duly sworn, state that:

    1.     My address is:

    2.     My employer is:

    3.     My present occupation or job description is:

    4.     I have/have never been employed and am/am not currently employed by any of the parties in this case, or by any parents, subsidiaries, divisions,

-7-

branches, affiliates, or competitors of any of the parties in any capacity other than as an expert, consultant, or translator in this proceeding.

5. I have received a copy of the Discovery Confidentiality Order in this case.

6. I have carefully read and understand the provisions of the Discovery Confidentiality Order.

7. I will comply with all of the provisions of the Discovery Confidentiality Order and understand that a violation of the Discovery Confidentiality Order or this Undertaking could result in sanctions against me.

8. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any "Confidential" or "Attorneys' Eyes Only" Discovery Materials disclosed to me.

9. I will return all Discovery Materials containing or disclosing "Confidential" or "Attorneys' Eyes Only" information which come into my possession, and Discovery Materials that I have prepared relating thereto, to counsel for the party or non-party that provided me with the "Confidential" or "Attorneys' Eyes Only" Discovery Materials.

10. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Discovery Confidentiality Order in this case.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:                    By: